UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILLY TALTON,

    Petitioner,

    v.                                         CAUSE NO. 3:20-CV-550-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

    Billy Talton, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-17-12-93) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121 and sanctioned him with a loss of one hundred eighty days earned credit time and a credit class demotion.

    The Warden argues that Mr. Talton isn't entitled to habeas relief because he didn't exhaust his administrative remedies. Mr. Talton alleges that he exhausted his administrative remedies because he submitted four appeals at the facility level and four appeals at the departmental but never received a response. State prisoners generally must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002). To support the exhaustion

defense, the Warden relies on databases maintained by the Indiana Department of Correction, which show that correctional staff didn't receive any appeals from Mr. Tarlton. ECF 11-6, ECF 11-10. The Warden further relies on a June 26, 2020 letter in which a departmental official invited Mr. Talton to submit an out-of-time appeal of the disciplinary finding. ECF 11-7. According to the databases, Mr. Talton didn't submit an appeal or otherwise respond to this letter. ECF 11-10. Mr. Talton doesn't dispute that he received and didn't respond to this letter.

The Warden further argues that Mr. Talton's claims are procedurally defaulted. This argument conflicts with exhaustion argument because "[a] habeas petitioner who has defaulted his federal claims . . . meets the technical requirements for exhaustion; there are no state remedies any longer available to him." Coleman v. Thompson, 501 U.S. 722, 732 (1991). The letter inviting Mr. Talton to submit an appeal contains no deadline, and there is no other indication that correctional officials have since prohibited Mr. Tarlton from pursuing an administrative appeal. Consequently, the record indicates that administrative remedies remain available to Mr. Talton, so the court dismisses this case without prejudice.

Mr. Talton doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES the habeas corpus petition (ECF 1) without prejudice;

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Billy Talton leave to proceed in forma pauperis on appeal.

SO ORDERED on February 3, 2021

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT